MOSK, J.
I concur in the majority opinion. I write separately to clarify what may appear to be an inconsistency between parts II and IV of that opinion.
In part II, the majority hold that there was insufficient evidence from which a reasonable jury could conclude that Bechtel National, Inc.’s (BNI) business reorganization was merely a pretext to terminate John Guz. There is therefore no triable issue that BNI breached its implied contractual obligation by failing to follow the “progressive discipline” policy promised in its policy manual to its employees before they are discharged for poor performance. The majority do not decide, however, whether there is a triable issue regarding BNI’s breach of its own layoff policies, and leave this question to the Court of Appeal on remand. If the Court of Appeal concludes there is *371 such a triable issue, and if Guz is able to prove at trial that these policies were breached, and that if he had been fairly considered for a position as dictated in the policies, he would more likely than not have retained his job, then Guz will have proved a contractual wrongful termination and be eligible for the usual damages associated with such a termination.
In part IV, the majority conclude that there is insufficient evidence from which a reasonable jury could conclude that BNI’s termination of Guz was based on age discrimination. In so doing, the majority view this case as fitting into the class of cases discussed in Reeves v. Sanderson Plumbing Products, Inc. (2000) 530 U.S. 133, 148-149 [120 S.Ct. 2097, 2109, 147 L.Ed.2d 105], in which “although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant’s explanation, no rational factfinder could conclude that the action was discriminatory.” The Reeves court elaborated, by way of example, that “an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer’s decision, or if the plaintiff created only a weak issue of fact as to whether the employer’s reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.” (530 U.S. at p. 148 [120 S.Ct. at p. 2109].) Although the question is close, I agree with the majority that, in light of Guz’s concessions as to the nondiscriminatory nature of many of BNI’s actions, and in light of the weakness of Guz’s prima facie case, this case fits into the relatively narrow class of cases referred to in Reeves.
Nonetheless, although BNI apparently had a nondiscriminatory reason for terminating Guz, that is not to conclude that it necessarily complied with its own contractual layoff policies. Nor does it negate the possibility that had it so complied, Guz would have retained his employment. These possibilities remain to be determined on remand and, if appropriate, at trial.